J-S35036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.C. BOWMAN, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD C. BOWMAN, III | : | |
| APPELLANT | : | |
| | : | No. 798 MDA 2021 |

Appeal from the Order Entered May 21, 2021
In the Court of Common Pleas of Clinton County Civil Division at No(s):
1690-2019

BEFORE: OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

DISSENTING STATEMENT BY KUNSELMAN, J.: **FILED: JANUARY 14, 2022**

I respectfully depart from the Majority's application of the law on a few points, and, ultimately, I dissent because I would find the trial court acted within its discretion when it held Bowman III in contempt.

Regarding the law, I depart from the Majority's interpretation of the three-prong contempt analysis under ***Stahl v. Redcay***, 897 A.2d 478, 489 (Pa. Super. 2006). As the Majority notes, ***Stahl*** provides in relevant part:

> To be punished for contempt, a party must not only have violated a court order, but that order must have been "**definite, clear, and specific**—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct." Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding

---

[*] Retired Senior Judge assigned to the Superior Court.

of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person **may** not be held in contempt of court for failing to obey an order that is **too vague** or that cannot be enforced.

**Id**. (emphasis added).

Here, the Majority does not reach the three-prong analysis, because it first determines that the language in the trial court's order was not "definite, clear, and specific." **See** Majority Memorandum, at 11, n.7 (citing **Stahl**, 897 A.2d at 489.)  In other words, the Majority imposes a threshold question to the three-prong analysis; it first decides whether the trial court order was "too vague" or was sufficiently "definite, clear, and specific."  It concludes the three-prong analysis does not apply here since it found the order was too vague.

By contrast, I view the question of whether the order was "too vague" or "sufficiently specific" as part of the analysis regarding the contemnor's state of mind under the third prong.  **See Stahl**, 897 A.2d at 489 ("[T]hat order must have been "definite, clear, and specific – leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct.") (citation omitted) (emphasis added).

Moreover, **Stahl** instructs that if there are ambiguities, they should be construed in favor of the defendant. **Id.  Stahl** does not instruct that the

- 2 -

existence of an ambiguity renders contempt impossible. Therefore, I believe the Majority terminates its contempt analysis prematurely.

Even if I am mistaken in my interpretation of **Stahl**, I would still depart from the Majority's decision because I would find the trial court's order here was sufficiently "definite, clear, and specific." The order provided: "Bowman III may not contact [Penn State] for the purposes of soliciting business for [his company.]" **See Order**, 12/04/20, at 2 (pagination provided).

My plain reading of the order is informed by the dictionary definition of "solicit." "Solicit" is defined as: "to ask for (something, such as money or help) from people, companies, etc." **Merriam-Webster's Online Dictionary**, http://www.merriam-webster.com/dictionary/solicit (last visited January 5, 2022). I recognize that the contact was initiated by Penn State, not Bowman III. Still, I view Penn State's contact merely as an invitation for Bowman III to bid on a project – in other words, to solicit business from Penn State – which was precisely what the trial court forbade.[1] Therefore, regardless of my disagreement with the Majority about the proper application of **Stahl**, I would still reach the three-prong contempt analysis.

Once there, I would conclude R.C. Bowman clearly satisfied the first and second prongs regarding notice and volition. Less clear is whether Bowman III acted with wrongful intent under the third prong. I see both sides. That

---

[1] Because we have held, in a companion appeal, that Exhibit 11 is not a trade secret, absent reversal by our Supreme Court, we note such solicitation will not be improper going forward. **See Bowman v. R.C. Bowman, Inc.**, 415 MDA 2012 at *19 (Pa. Super. 2022).

Penn State initiated the contact is certainly a mitigating factor. However, while the contempt finding might have been a close call for the trial court, given our standard of review, it should not be a close call for this Court.

Our precedent holds that, "[e]ach court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." **Stahl**, 897 A.2d at 488-489 (citation omitted). Thus, we must give deference to the trial court, as it attempts to safeguard its process. Frankly, under these facts, reasonable minds could differ as to whether Bowman III's actions constituted contempt. As such, the trial court would have operated within its discretion had it reached the opposite conclusion or in reaching the one it did. Thus, the trial court did not exercise its discretion "in a manner lacking reason." **Lachat v. Hinchcliffe**, 769 A.2d 481, 487 (Pa. Super. 2001); **see also** Majority Memorandum, at 6, n.3. In these circumstances, we cannot substitute our judgment for that of the trial court.

For these reasons, I must respectfully dissent.